IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ZAKII MALIK NASSIR-BEY, :
:
      Plaintiff, :
:
v. : Civ. No. 12-1359-LPS
:
PERRY PHELPS, et al., :
:
      Defendants. :

**MEMORANDUM**

I. **BACKGROUND**

Plaintiff, Zakii Malik Nassir-Bey ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief alleging retaliation in the form of a shakedown of his cell and the confiscation of religious books. Plaintiffs seeks an order for the return of the confiscated books and a location to store his religious books. (D.I. 38) Defendants oppose the motion. In addition, Plaintiff filed a "motion for separation of religion from treatment, education and program department." (D.I. 41)

II. **LEGAL STANDARDS**

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (stating temporary restraining order continued beyond time permissible under Rule 65 must be treated as

preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Exhibits submitted by the parties indicate that on December 31, 2014, Plaintiff's cell was the subject of a shake-down conducted by correctional officer Dean Edge and Sgt. Casey Phelps. (D.I. 38 Ex. A-1) The cell contained numerous books. Inmate housing rules allow an inmate to possess four magazines, three reading books (including religious books), and one newspaper. (D.I. 40 Ex. A at IV.5.a)) Plaintiff exceeded the allowed book limit by thirty-seven books. (D.I. 38 Ex. A-1) The officers requested that Plaintiff hand over the books which exceeded the limit; Plaintiff gave the officers seven books. (D.I. 38 Ex. A-1)

During the shakedown, Plaintiff advised the correctional officers that he was in court fighting the right to keep all books containing religious content and that Deputy Warden Scarborough ("Scarborough") knew about the lawsuit. (*Id.*) When asked about this, Scarborough indicated that he knew Plaintiff but that he had no recollection of the books or the court case and that he was required to follow the inmate housing guide rules. (*Id.*) Plaintiff was allowed to select the three books he wished to keep. (*Id.*) The officers confiscated an additional thirty books and they were taken off the tier. Plaintiff was issued a disciplinary report for possession of non-dangerous contraband, lying, and failing to obey an order (when he failed to retrieve the proper amount of books from his cell when ordered to do so). (*Id.*)

2

The books that were confiscated were inventoried on a form (inmate acquired and confiscated property form) and Plaintiff was given a copy. (*Id.* at Ex. B-3) The confiscated items are held as evidence pending disciplinary proceedings. (D.I. 40 Ex. A) The items are disposed of if an inmate is found guilty. (*Id.*) If the items are allowable, they are returned to the inmate only if the inmate is found not guilty of the disciplinary referral. (*Id.*) State Defendants indicate that Plaintiff was found guilty of possessing a prohibited number of books. (D.I. 40 at ¶ 6) Plaintiff did not advise the Court of the outcome of the disciplinary proceeding.

Plaintiff has not demonstrated that he was a victim of retaliation due to a lawsuit he has filed. When asked about Plaintiff's claim that the cell shake-down was due to his lawsuit, Scarborough indicated that he was unaware of the lawsuit and that he was following prison regulations. The record indicates that Plaintiff's cell was searched during a routine shake-down, at which time it was determined that Plaintiff exceeded the number of allowable books. Plaintiff was afforded an opportunity to go through his books to choose those he wished to keep in accordance with prison rules. From the record before it, the Court concludes that Plaintiff has failed to show that he is likely to succeed on the merits of his claim.

In addition, Plaintiff has not met his burden to show that granting an injunction will not result in irreparable harm to Defendants or that granting an injunction is in the public interest. The relief sought by Plaintiff -- including return of the confiscated books, a separate location to store his religious books, and the separation of religion/church from the treatment, education and program department at the VCC -- goes directly to the manner in which the Delaware Department of Correction operates it prison, and the Court finds that the injunctive relief sought would substantially harm Defendants. *See Carrigan v. State of Delaware,* 957 F. Supp. 1376, 1385 (D. Del. 1997). Finally, granting injunctive relief is in contravention of the public's interest in the effective

and orderly operation of the prison system. *See id.* Therefore, the Court will deny Plaintiff's motions. (D.I. 38, 41)

## IV. CONCLUSION

For the above reasons, the Court will deny the motion for a preliminary injunction (D.I.38) and will deny the motion for separation of religion from treatment, education, and program department (D.I. 41).

An appropriate Order follows.

                                              UNITED STATES DISTRICT JUDGE

Date: August 10, 2015